**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY DORE**, | : | |
| 12858 Woodtown Rd. | : | |
| Galena, OH 43021 | : | Civil Action No.: 2:17-cv-893 |
| | : | |
| Plaintiff, | : | JUDGE |
| | : | |
| v. | : | MAGISTRATE JUDGE |
| | : | |
| **DELAWARE COUNTY** | : | |
| **SHERIFF'S OFFICE** | : | |
| 149 N. Sandusky Street | : | **Jury Demand Endorsed Hereon** |
| Delaware, OH 43015 | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COMPLAINT**

NOW COMES Plaintiff Larry Dore ("Plaintiff") and proffers this Complaint for damages against Defendant Delaware County Sheriff's Office (hereinafter "Defendant").

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Dore is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff resides in Delaware County, Ohio.

6. Defendant Delaware County Sheriff's Office is an agency or department of Delaware County, Ohio.

7. At all times relevant herein, the Plaintiff was an "employee" of Defendant, as that term is defined in the FLSA and O.R.C. Chapter 4111.

8. At all times relevant herein, Defendant was a "covered employer," as that term is defined in the FLSA and O.R.C. Chapter 4111.

9. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

10. Plaintiff first began his employment with Defendant in or around 1994 as a police officer.

11. In or around 1996, Plaintiff became a K-9 Officer.

12. Initially, Plaintiff and Defendant agreed and understood that Plaintiff would work 7.5 hours per day and be compensated for 8 hours per day. The extra 30 minutes of compensation was for time Plaintiff spent training and caring for the K-9 unit during Plaintiff's off-duty time.

13. Plaintiff was responsible for the K-9 unit 24 hours a day, 7 days a week.

14. In or about 2007, Plaintiff was promoted to Sergeant and continued to be responsible for his K-9 Unit.

15. After receiving the promotion, Plaintiff was required to work 8-hour days. Instead of paying Plaintiff an extra thirty minutes per day, Defendant started paying Plaintiff eight dollars ($8.00) per day, or forty dollars ($40.00) per week, for time spent training and caring for the K-9 unit during off-duty time.

16. Plaintiff was told that he would not receive the promotion and lose the K-9 unit if he did not agree to the above terms.

17. From the time Plaintiff received his promotion until the end of his employment, Plaintiff worked at least 40 hours per week and, in addition, cared for the K-9 unit during times when he was off-duty in excess of 40 hours per week.

18. Plaintiff's compensation for the time he spent training and caring for the K-9 unit was not reasonable.

19. After the promotion, Plaintiff was still required to have the K-9 groomed, well-nourished, exercised, trained, cleaned up after and otherwise ready for active service.

20. Plaintiff and the K-9 unit were also required to be "on-call" and to respond to a request for service within approximately one hour of receiving a call.

21. On or around March 1, 2016, Plaintiff left employment with Defendant.

22. Upon information and belief, Defendant's K-9 Officers are currently paid between 30 and 45 minutes per day, on top of their regularly scheduled work day, for time spent training and caring for their respective K-9 units.

## FIRST CAUSE OF ACTION
### 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

23. All of the preceding paragraphs are realleged as if fully rewritten herein.

24. Plaintiff was an employee of Defendant within the previous three years of the filing of this Complaint.

25. Plaintiff was not exempt from the overtime requirements of the FLSA.

26. Plaintiff's K-9 unit lived with him.

27. Plaintiff spent significant time outside of normal work hours caring for his K-9 unit.

28. Plaintiff frequently spent time outside of his scheduled work hours training and grooming his K-9 unit, ensuring his K-9 unit was healthy and well nourished, ensuring his K-9 unit was ready for active duty, and otherwise caring for his K-9 unit.

29. Plaintiff was not paid an overtime premium for all hours worked over 40 in a workweek at his regular rate of pay.

30. Plaintiff regularly worked more than 40 hours in a workweek.

31. Defendant was aware that Plaintiff regularly worked more than 40 hours per week, but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per week.

32. Defendant knew or should have known of the overtime payment requirement of the FLSA, and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

33. Defendant's refusal to properly compensate Plaintiff as required by the FLSA was willful.

34. As a result of Defendant's actions, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
### OMFWSA R.C. 4111.03 - Failure to Pay Overtime

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. This claim is brought under Ohio law.

37. Defendant's knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was a violation of Section 4111.03 of the Ohio Revised Code.

38. For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant to pay its employees within thirty (30) days of when they performed compensable work.

41. At all times relevant herein, Defendant failed to make proper wage payments to Plaintiff for all overtime compensation for hours worked in excess of 40 in a workweek.

42. By failing to make the wage payments within 30 days of when such payments were due, Defendant has violated R.C. 4113.15.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and the OMFWSA;

B. An injunction against Defendant from engaging in each of the unlawful practices, policies, and patters set forth herein;

5

C. An award of monetary damages, including unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

D. An award of liquidated damages and/or treble damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C. § 4113.15;

E. An award of prejudgment and post judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

G. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

/s/*Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/*Greg R. Mansell*
Greg R. Mansell (0085197)